UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROGER LEE WESTON, JR.,            )
                                  )
            Plaintiff,            )
                                  )
      v.                          )     No. 4:08-CV-323-DJS
                                  )
ALAN BLAKE, et al.,               )
                                  )
            Defendants.           )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Roger Lee Weston, Jr. for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Alan Blake, Nancy Simpson, Krissy Nicholson, and Guy Resnic. Plaintiff alleges that (1) defendant Resnic "ordered his staff to steal mail to obtain information in the content of letters sealed and mailed out of the facility"; (2) defendant Blake "ordered all of [plaintiff's] suspect mail and phone calls be monitored and screened on or about January 22, 2008, [but] [i]nstead, all mail and phone calls from citizens in the free world were stopped and all outgoing mail was stolen"; (3) "[a]ll phone calls were ordered to be blocked, denied

and placed on 'no contact' status on Feb. 19, 2008"; (4) defendant Simpson "carried out the order"; and (5) defendant Nicholson "violated [the] privacy of citizens and enforce[d] the violation of [plaintiff's] rights on March 01, 2008 by making unauthorized calls to parties to surptiously [sic] gain information on who they were on March 01, 2008."

## Discussion

At the outset, the Court notes that the complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), because it fails to state a claim upon which relief can be granted.

Additionally, the Court notes that although it must liberally construe the complaint, the Court will not supply

additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. Plaintiff's allegations are overly broad and vague in that he does not set forth facts relative to the deprivation of his constitutional rights. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986)(to prevail on § 1983 claim, plaintiff must first establish he was deprived of "rights, privileges, or immunities secured by the Constitution or laws of the United States"); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)(claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979)(noting, in the pretrial detention context, that there is a *de minimis* level of imposition with which the Constitution is not concerned). For example, plaintiff asserts that Guy Resnic ordered his staff to "steal mail"; however, plaintiff has failed to allege that any of his own mail was stolen. Because plaintiff lacks standing to assert constitutional claims on behalf of other MSOTC residents and/or "citizens in the free world," his allegations, as presently stated in the complaint, simply fail to state a claim upon which relief may be granted.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

4

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this   21st   day of April, 2008.


                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE